UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN DOOLITTLE (#109680)                                   CIVIL ACTION

VERSUS

SGT. HERMAN HOLMES, ET AL.                                 NO. 06-0986-C-M2

<u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, September 27, 2007.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**JOHN DOOLITTLE (#109680)**                                               **CIVIL ACTION**

**VERSUS**

**SGT. HERMAN HOLMES, ET AL.**                                           **NO. 06-0986-C-M2**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the plaintiff's Motion for Summary Judgment, rec.doc.no. 13, the defendants' Motion for Partial Summary Judgment for Failure to Exhaust Administrative Remedies, rec.doc.no. 21, and the defendants' Motion to Dismiss, rec.doc.no. 24.

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Sgt. Herman Holmes, Trish Foster, David James, Howard Prince, Col. Donald Davis, Jolie Darbonne, Warden Darryl Vannoy, Reginald Ladmirault, Warden Burl Cain and Secretary Richard Stalder, complaining that his constitutional rights were violated, commencing in February, 2005, through threats, verbal abuse and slander, through issuance of a false disciplinary report in August, 2006, through denial of due process at resulting disciplinary proceedings, through a failure to investigate or respond appropriately to administrative grievances, and finally, through the placement of plaintiff in administrative segregation for seventy-one (71) days while awaiting availability of space in extended lockdown, during which time he allegedly was not allowed an opportunity for exercise.[1]

---

[1] The record reflects that attempts by the United States Marshal's Office to serve defendant David James have proven unsuccessful because the Louisiana Department of Public Safety and Corrections has refused to accept service on behalf of this individual. Accordingly, defendant David James has not appeared in this proceeding and has not participated in the instant motions. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the failure of a plaintiff to serve a

In his Complaint, the plaintiff alleges that, in February, 2005, and prior thereto, defendant Herman Holmes made several threats against the plaintiff, asserting that he would issue the plaintiff a false disciplinary report if he caught the plaintiff looking at female security officers. When the plaintiff thereafter filed administrative grievances relative to these threats, complaining that both verbal abuse and the falsification of disciplinary reports were against prison regulations, his administrative grievances were wrongly denied by defendants Trish Foster and David James. More than a year later, on August 19, 2006, defendant Holmes in fact issued a disciplinary report against the plaintiff, falsely accusing the plaintiff of an "aggravated sex offense", whereupon the plaintiff was placed in administrative segregation pending resolution of the disciplinary charge. On August 23, 2006, the plaintiff was brought before a disciplinary board where he was allegedly denied appropriate due process protections, was wrongly found guilty, and was sentenced to extended lockdown. However, inasmuch as there was assertedly no space available in extended lockdown, he was placed on administrative backlog and was maintained in administrative segregation pending the availability of such space. When the plaintiff thereafter filed an administrative grievance complaining that administrative segregation at LSP was unconstitutional because there were no limitations upon its use and because it resulted in his being maintained in a cell for 24 hours per day without exercise, his grievances were wrongly handled and were ultimately rejected by defendants Trish Foster, Jolie Darbonne and Howard Prince. The plaintiff also complains that the false disciplinary report resulted

---

defendant within 120 days of commencement of an action is cause for dismissal of that defendant from the proceedings. It is appropriate, therefore, that the plaintiff's claims against defendant David James be dismissed, without prejudice.

in his being labeled a "pervert" within the prison, thereby injuring his reputation.

Turning first to the defendants' Motion to Dismiss,[2] rec.doc.no. 24, a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure may not be granted unless it appears certain that the plaintiff will be unable to prove any set of facts in support of his claim that would entitle him to relief. Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994), citing Norman v. Apache Corp., 19 F.3d 1017, 1021 (5th Cir. 1994). See also Green v. State Bar of Texas, 27 F.3d 1083, 1086 (5th Cir. 1994) ("A dismissal will not be affirmed if the allegations support relief on any possible theory"). Accordingly, this Court must accept all well-pleaded facts as true, and must review them in the light most favorable to the plaintiff. Green, supra, at 1086.

First, with regard to the plaintiff's claim that one or more of the defendants subjected him to threats and verbal abuse, the law is clear that mere allegations of verbal abuse or threats alone do not present claims under § 1983. Specifically, allegations of "[m]ere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation." McFadden v. Lucas, 713 F.2d 143 (5th Cir.), cert. denied, 464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983); Burnette v. Phelps, 621 F.Supp. 1157 (M.D. La. 1985); Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2nd Cir. 1973). The allegations against the

---

[2] In the defendants' pending motion for partial summary judgment, they contend that the plaintiff has failed to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e with regard to many of the claims asserted herein. Notwithstanding, the failure to exhaust administrative remedies is not a jurisdictional defect, and this Court is authorized to substantively address the plaintiff's claims and dismiss same if the Court concludes that the plaintiff's allegations fail to state claims upon which relief may be granted. See 28 U.S.C. §§ 1915 and 1915A. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986).

defendants regarding threats and verbal abuse, therefore, are insufficient to assert a constitutional violation.

The plaintiff also complains that defendant Holmes thereafter carried out the referenced threats and in fact issued the plaintiff a false disciplinary report, accusing the plaintiff of having committed an "aggravated sex offense", and that the plaintiff was thereafter denied due process during resulting disciplinary proceedings and was ultimately found guilty of the referenced offense.  This claim also fails to arise to the level of a constitutional violation.  In this regard, under § 1983, the law is clear that a mere allegation that an inmate plaintiff has been reported or punished for an act which he did not commit does not amount to a constitutional offense.  Collins v. King, 743 F.2d 248 (5th Cir. 1984).  Moreover, although the plaintiff asserts that he was denied due process at resulting disciplinary board proceedings, the decision of the United States Supreme Court in Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), makes clear that inmates possess only a very narrow protected liberty interest in procedures attendant to prison disciplinary proceedings where the punishment imposed does not result in an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id.  In Sandin, as here, the Court addressed a disciplinary sentence of a transfer to segregated confinement. Inasmuch as the Court there found that this sentence did not constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," this Court similarly finds that the plaintiff's disciplinary proceedings in the instant case may not be seen to invoke any protected liberty interest in which the plaintiff may claim protection.  See Orellana v. Kyle, 65 F.3d 29 (5th Cir. 1995)("After Sandin, .... it is difficult to see that any ... deprivations in the prison context, short of those that clearly impinge on the duration of

confinement, will henceforth qualify for constitutional 'liberty' status"). Accordingly, the plaintiff's claim that he was unfairly charged and punished on the basis of a wrongful disciplinary report and unfair disciplinary board hearings does not rise to the level of a constitutional violation and must be dismissed.

Further, the plaintiff's claim that his reputation was damaged because of the allegedly false and defamatory disciplinary charge does not state a cognizable claim in this Court.  Injury to reputation, without more, is not a liberty interest protected under the Fourteenth Amendment to the United States Constitution.  Paul v. Davis, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); Siegert v. Gilley, 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991).

The plaintiff also complains that the defendants failed to respond appropriately to his administrative grievances and either rejected or denied same without appropriate consideration and/or investigation.  The plaintiff, however, has no constitutional right to have his grievances addressed, investigated, or favorably resolved.  Further, there is no procedural due process right inherent in such a claim.  As recently stated by the United States Court of Appeals for the Fifth Circuit, in Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous.  "[A] prison has a liberty interest only in 'freedom[s] from restraint ... impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life'" [The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction.  As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.

(Emphasis in original). Accordingly, the plaintiff's claims regarding the alleged failure of prison officials to properly address or investigate his

administrative grievances is without legal foundation and must be dismissed.

Finally, the plaintiff complains that he was maintained in segregated confinement for a period of seventy-one (71) days while awaiting space in extended lockdown.  He asserts that, as a result, he was maintained in a cell for 24 hours per day for a 2½ month period without any opportunity for fresh air or exercise.  He further complains that the administrative segregation policy at LSP is unconstitutional because there are no regulations governing or limiting its use.

In the Court's view, these claims, as well, fail to rise to the level of constitutional violations.  First, the plaintiff concedes that he was maintained in administrative confinement, not as a punitive measure, but merely because space was not then available at his assigned housing location.  Further, other than his assertion that he was not allowed a one-hour-per-day period out of his cell, addressed below, which would have been available to him in extended lockdown, he fails to state in what manner, if at all, the conditions in administrative segregation are more onerous than in extended lockdown.  In this regard, the law is clear that the classification of prisoners is a matter left to the sound discretion of prison officials, and inmates have no right to a particular classification under state law.  Wilkerson v. Maggio, 703 F.2d 909 (5th Cir. 1983); McGruder v. Phelps, 608 F.2d 1023, 1026 (5th Cir. 1979). Prison officials are afforded broad administrative and discretionary authority over the institutions they manage, and lawfully incarcerated persons retain only a narrow range of protected liberty interests.  Hewitt v. Helms, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983).  So long as the conditions and degree of confinement are within the sentence imposed on an inmate and do not otherwise violate the Constitution, the Due

Process Clause does not in itself subject a prison official's treatment of an inmate to judicial oversight. Hewitt, supra, 459 U.S. 468, 103 S.Ct. at 869. Where the decision to keep an inmate is reasonably related to legitimate security objectives and is not an exaggerated response to security considerations, there is no denial of due process. McCord v. Maggio, 910 F.2d 1248 (5th Cir. 1990). Based upon these well-settled legal principles, the Court finds no abuse of discretion in the decision of prison officials to maintain the plaintiff in administrative, non-punitive, housing while awaiting space in his assigned housing unit.

Similarly, the Court finds that the plaintiff's claim relative to the alleged unconstitutionality of administrative segregation, as such, is without merit. Although the plaintiff complains that there are no established rules or procedures for the use of administrative segregation at LSP, the Disciplinary Rules and Procedures for Adult Inmates[3] provide an explicit definition of this housing classification, which definition provides reasonable notice of the manner in which the classification is to be used. This definition provides that "Administrative Segregation" is:

> "[a] temporary holding area, preferably a cell, where inmates are held whose continued presence in the general population poses a threat to life, property, self, staff, other inmates, the security or orderly running of the institution, or who are the subject of an investigation. In addition, <u>inmates who are pending transfer to another institution or pending assignment or re-assignment within an institution may be held in "Administrative Segregation"</u>.

Emphasis added. Based upon this definition, the Court finds no deficiency in the prison's procedures for the use of administrative segregation in

---

[3] A District Court may take judicial notice of the record in prior related proceedings. Missionary Baptist Foundation of America, Inc. v. Wilson, 712 F.2d 206 (5th Cir. 1983). The Court hereby takes judicial notice of the prisoner rule book approved by this Court in Hayes Williams v. John McKeithen, et al., CA 71-98-B (MD La.), affirmed, 547 F.2d 1206 (5th Cir. 1977). These Rules have been modified from time to time, subject to this Court's approval.

the instant case. Accordingly, the plaintiff's claim relative to the alleged unconstitutionality of such procedures must be dismissed.

Finally, with regard to the plaintiff's claim that he was not allowed any opportunity for exercise out of his cell for a period of 2½ months, this claim is not properly before the Court. Upon a review of the Complaint, the Court finds that, other than alleging mental anguish and psychological injury resulting from this deprivation, the plaintiff makes no assertion that he suffered any injury or ill-effects as a result thereof. Pursuant to 42 U.S.C. § 1997e(e), the law is clear that, "[n]o Federal civil action may be brought by a prisoner confined in a ... correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Accordingly, in the absence of any allegation of actual injury, the plaintiff has failed to allege a claim which amounts to a constitutional violation. For this reason, this claim as well must be dismissed.

Having concluded that the defendants' Motion to Dismiss, rec.doc.no. 24, should be granted, dismissing the plaintiff's claims asserted in this proceeding, it is unnecessary for the Court to address the parties' cross-motions for summary judgment, rec.doc.nos. 13 and 21. Accordingly, it is appropriate that these pending motions be denied as moot.

The Court also notes that the plaintiff seeks to have the Court address state law claims as well. The plaintiff also seeks to invoke the supplemental jurisdiction of this court. District courts, however, may decline to exercise supplemental jurisdiction over a claim if the claim raises a novel or complex issue of state law, if the claim substantially predominates over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C.

§ 1367. In the instant case, inasmuch as the Court recommends dismissal of the plaintiff's federal claims, it is appropriate that the Court decline to exercise supplemental jurisdiction over the plaintiff's state law claims.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the plaintiff's claims against defendant David James be dismissed for failure of the plaintiff to serve this defendant within 120 days as mandated by Rule 4(m) of the Federal Rules of Civil Procedure. It is the further recommendation of the Magistrate Judge that the parties' cross-motions for summary judgment, rec.doc.nos. 13 and 21, be denied, and that the defendants' Motion to Dismiss, rec.doc.no. 24, be granted, dismissing the plaintiff's claims against the remaining defendants, with prejudice, and that this action be dismissed, without prejudice to any state law claims which the plaintiff may have.

Signed in chambers in Baton Rouge, Louisiana, September 27, 2007.

**MAGISTRATE JUDGE CHRISTINE NOLAND**